UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:25-cv-00156-MR

| | |
|---|---|
| LUIS ANTONIO ROSADO, JR., ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> ) <br> LEIGH C. BRICKER, et al., ) <br> ) <br> Defendants. ) <br> _____ ) | **MEMORANDUM OF** <br> **DECISION AND ORDER** <br> **ON INITIAL REVIEW** |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint, [Doc. 1], filed under 42 U.S.C. § 1983, see 28 U.S.C. §§ 1915(e) and 1915A, Plaintiff's "first Interrogatories, Request for Production of documents, and Request for admission to all defendants" [Doc. 7], and Plaintiff's "Petition of Information for the Pro-Se Program" [Doc. 8]. Plaintiff is proceeding in forma pauperis. [Docs. 2, 5].

**I.    BACKGROUND**

Pro se Plaintiff Luis Antonio Rosado, Jr., ("Plaintiff") is a prisoner of the State of North Carolina currently incarcerated at Marion Correctional Institution in Marion, North Carolina. On September 25, 2025, he filed this action pursuant to 42 U.S.C. § 1983 against Leigh C. Bricker, Assistant District Attorney of Wilkes County, North Carolina; Robie Martin, identified

as a homicide detective for the Wilkes County Sheriff's Department; Jason Nagy, identified as an officer with the North Carolina State Bureau of Investigation (NCSBI); and Michael Duncan, identified as a Superior Court Judge in Wilkes County. [Doc. 1]. Plaintiff sues Defendants Bricker, Martin, and Nagy in their individual and official capacities and Defendant Duncan in his individual capacity only. [Id. at 3-4].

Plaintiff alleges, in pertinent part, as follows. Plaintiff was arrested on August 18, 2015, for a murder he did not commit based on lies by Plaintiff's "associates," witnesses to the murder, and Defendants Martin and Nagy. [Id. at 6-7]. In particular, Defendants Martin and Nagy supplied false and misleading information to a magistrate to support a warrant application for Plaintiff's arrest. [Id. at 9]. Defendant Bricker falsely claimed that Plaintiff was a "flight risk" and made other "discriminatory comments," which resulted in a $600,000 bond. [Id. at 8]. Defendant Bricker failed to disclose evidence favorable to the Plaintiff and coerced Plaintiff to enter a plea deal. [Id.]. Defendants Martin and Nagy failed to disclose exculpatory evidence. [Id.]. Plaintiff was convicted of murder and sentenced on June 27, 2017, to a term of imprisonment of 14 to 18 years for a crime he did not commit. [Id. at 6]. Plaintiff sent a subpoena to Defendant Duncan to obtain text messages that "clear[ ] [Plaintiff] of any wrongdoing" and prove that the State did not have

2

evidence to support its narrative. [Id. at 8]. Plaintiff has filed two Motions for Appropriate Relief (MARs), both of which have been denied. [Id. at 6-7].

Plaintiff claims his rights under the Fourth, Sixth, Eighth, and Fourteenth Amendments were violated by the alleged conduct. [See id. at 5]. For injuries, Plaintiff claims to have suffered PTSD and mental and emotional damages related to the alleged false imprisonment. [Id. at 10]. For relief, Plaintiff seeks monetary and injunctive relief. [Id. at 11].

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, under § 1915A the Court must conduct an initial review and identify and dismiss the complaint, or any portion of the complaint, if it is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune to such relief.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se

complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

To state a claim under § 1983, a plaintiff must allege that he was deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed by a "person" acting under color of state law. See 42 U.S.C. § 1983; Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999); Health & Hosp. Corp. of Marion Cnty. v. Talevski, 599 U.S. 166, 143 S.Ct. 1444 (2023).

Judges are immune from suit under the doctrine of judicial immunity. See Stump v. Sparkman, 435 U.S. 349, 359 (1996) ("A judge is absolutely immune from liability for his judicial acts even if his exercise of authority is flawed by the commission of grave procedural errors."); Imbler v. Pachtman, 424 U.S. 409, 419 (1976) (stating that judicial "immunity applies even when the judge is accused of acting maliciously and corruptly, and it is not for the protection or benefit of a malicious or corrupt judge, but for the benefit of the public, whose interest it

4

Case 5:25-cv-00156-MR   Document 9   Filed 11/17/25   Page 4 of 10

is that the judges should be at liberty to exercise their functions with independence and without fear of consequences") (internal quotations omitted). Prosecutors are also immune from suit under the doctrine of prosecutorial immunity. Imbler, 424 U.S. at 419. As such, Plaintiff has failed to state a claim against Defendants Duncan and Bricker. The Court will dismiss these Defendants.

Suits against an officer in his official capacity "generally represent only another way of pleading an action against an entity of which an officer is an agent." Kentucky v. Graham, 473 U.S. 159, 165, 105 S.Ct. 3099 (1985) (quoting Monell v Dep't of Soc. Servs. of the City of New York, 436 U.S. 658, 690 n. 55, 98 S.Ct. 2018, 2035 (1978)). The Office of Sheriff is not liable under § 1983 for an employee's acts "unless action pursuant to official municipal policy of some nature caused [the] constitutional tort." Collins v. City of Harker Heights, 503 U.S. 115, 120-21, 112 S.Ct. 1061, 1066 (quoting Monell, 436 U.S. at 691, 98 S.Ct. at 2036). That is, "[f]or a governmental entity to be liable under section 1983, the official policy must be the moving force of the constitutional violation." Moore v. City of Creedmoor, 345 N.C. 356, 366, 481 S.E.2d 14, 21 (1997) (internal quotation marks and citations omitted). "Thus, the entity's 'policy or custom' must have played a part in the violation of federal law." Id. (quoting Monell, 436 U.S. 658, 694, 98 S.Ct. at

2037-38). Here, Plaintiff purports to sue Defendant Martin, a detective for the Wilkes County Sheriff, in his official capacity. Plaintiff, however, fails to allege that any official policy or custom was the moving force behind any constitutional violation. The Court, therefore, will dismiss Plaintiff's official capacity claim against Defendant Martin.

Plaintiff also purports to sue Defendant Nagy, a state official, in his official capacity. However, "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office." Will v. Dep't of State Police, 491 U.S. 58, 71 (1989). Because a state is not a "person" under § 1983, state officials acting in their official capacities cannot be sued for damages thereunder. Allen v. Cooper, No. 1:19-cv-794, 2019 WL 6255220, at *2 (M.D.N.C. Nov. 22, 2019). Furthermore, the Eleventh Amendment bars suits for monetary damages against the State of North Carolina and its various agencies. See Ballenger v. Owens, 352 F.3d 842, 844-45 (4th Cir. 2003). As such, Plaintiff's claims against Defendant Nagy in his official capacity do not survive initial review and will be dismissed.

Moreover, it appears here that Plaintiff's claims are barred by Heck v. Humphrey, 512 U.S. 477 (1994). In Heck, the United States Supreme Court held as follows:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. <u>A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.</u> Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

<u>Id.</u> at 486-87 (footnotes omitted; emphasis added). Here, given the nature of the allegations in the Complaint, a judgment in Plaintiff's favor would necessarily imply the invalidity of any conviction or sentence in the underlying criminal matter. Plaintiff, however, has not alleged that a conviction has been reversed or otherwise invalidated. Therefore, his Complaint appears to be barred by <u>Heck</u>. The Court, therefore, will allow Plaintiff to amend his Complaint to show that it is not <u>Heck</u>-barred and to

otherwise state a claim for relief.

Also pending is Plaintiff's discovery request [Doc. 7]. This filing is improper and will be stricken from the record in this matter. As Plaintiff was expressly advised in the Order of Instructions, discovery requests are not filed with the Court. [See Standing Order, ¶ 7 ("The parties shall not file … discovery requests[.]"; see ¶ 8 ("Premature, misdirected, or otherwise improper filings will not be permitted.")]. They should only be served on the opposing party. Furthermore, the discovery period does not commence until after the Court has entered a Pretrial Order and Case Management Plan in this matter, which does not occur until Plaintiff's Complaint passes initial review and the Defendants answer. Plaintiff is cautioned to carefully review the Standing Order of Instructions, the Local Rules of this Court, and the Federal Rules of Civil Procedure before filing any further documents with this Court.

Plaintiff has also filed a "petition" for information regarding the *Pro Se* Settlement Assistance Program ("Program") as set forth in Local Civil Rule 16.4. [Doc. 8]. The Court will grant Plaintiff's motion insofar as the Court will advise the Plaintiff that this Program is unavailable to him. See LCvR 16.4(b) ("The Program is available … to all civil cases in which any party appears *pro se* except … [c]ases in which the *pro se* party is a prisoner or pretrial

detainee.").

## IV. CONCLUSION

In sum, Plaintiff's claims will be dismissed on initial review for Plaintiff's failure to state a claim for relief and the Court will strike Plaintiff's discovery request. The Court will allow Plaintiff thirty (30) days to amend his Complaint, if he so chooses, to show that Heck does not apply and to otherwise properly state a claim for relief. Should Plaintiff fail to timely amend his Complaint, this action will be dismissed without prejudice and without further notice to Plaintiff.

## ORDER

**IT IS, THEREFORE, ORDERED** that Plaintiff shall have thirty (30) days in which to amend the Complaint in accordance with the terms of this Order. If Plaintiff fails to amend the Complaint in accordance with this Order and within the time limit set by the Court, this action will be dismissed without prejudice and without further notice to Plaintiff.

**IT IS FURTHER ORDERED** that Plaintiff's Complaint will be **DISMISSED** on initial review for Plaintiff's failure to state a claim for relief.

**IT IS FURTHER ORDERED** that all Defendants are hereby **DISMISSED** as Defendants in this matter.

**IT IS FURTHER ORDERED** that Plaintiff's "first Interrogatories, Request for Production of documents, and Request for admission to all defendants" [Doc. 7] is **STRICKEN** from the record in this matter and Plaintiff's "Petition of Information for the Pro-Se Program" [Doc. 8] is **GRANTED** in accordance with the terms of this Order.

The Clerk is respectfully instructed to mail Plaintiff a blank Section 1983 form.

**IT IS SO ORDERED**.

Signed: November 17, 2025

Martin Reidinger
Chief United States District Judge