**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**
**STATESVILLE DIVISION**
**5:25-cv-00156-MR**

| | |
|---|---|
| **LUIS ANTONIO ROSADO, JR.,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **MEMORANDUM OF** |
| **vs.** ) | **DECISION AND ORDER** |
| ) | **ON INITIAL REVIEW** |
| ) | |
| **LEIGH C. BRICKER, et al.,** ) | |
| ) | |
| **Defendants.** ) | |
| _____ ) | |

**THIS MATTER** is before the Court on initial review of Plaintiff's Amended Complaint,[1] [Doc. 10], filed under 42 U.S.C. § 1983. See 28 U.S.C. §§ 1915(e) and 1915A. Plaintiff is proceeding in forma pauperis. [Docs. 2, 5].

I.    **BACKGROUND**

Pro se Plaintiff Luis Antonio Rosado, Jr., ("Plaintiff") is a prisoner of the State of North Carolina currently incarcerated at Marion Correctional Institution in Marion, North Carolina. On September 25, 2025, he filed this action pursuant to 42 U.S.C. § 1983 against Leigh C. Bricker, Assistant

---

[1] Plaintiff has also filed a "Supplemental Response in Support of Plantiffs [sic] Claims" [Doc. 11], which the Court will construe as an Addendum to Plaintiff's Amended Complaint.

District Attorney of Wilkes County, North Carolina; Robie Martin, identified as a homicide detective for the Wilkes County Sheriff's Department; Jason Nagy, identified as an officer with the North Carolina State Bureau of Investigation (NCSBI); and Michael Duncan, identified as a Superior Court Judge in Wilkes County. [Doc. 1]. Plaintiff sued Defendants Bricker, Martin, and Nagy in their individual and official capacities and Defendant Duncan in his individual capacity only. [Id. at 3-4].

Plaintiff alleged as follows. He was arrested on August 18, 2015, for a murder he did not commit based on lies by Plaintiff's "associates," witnesses to the murder, and Defendants Martin and Nagy. [Id. at 6-7]. In particular, Defendants Martin and Nagy supplied false and misleading information to a magistrate to support a warrant application for Plaintiff's arrest. [Id. at 9]. Defendant Bricker falsely claimed that Plaintiff was a "flight risk" and made other "discriminatory comments," which resulted in a $600,000 bond. [Id. at 8]. Defendant Bricker failed to disclose evidence favorable to the Plaintiff and coerced Plaintiff to enter a plea deal. [Id.]. Defendants Martin and Nagy failed to disclose exculpatory evidence. [Id.]. Plaintiff was convicted of murder and sentenced on June 27, 2017, to a term of imprisonment of 14 to 18 years for a crime he did not commit. [Id. at 6]. Plaintiff has filed two Motions for Appropriate Relief (MARs), both of which have been denied. [Id.

at 6-7].  Plaintiff claimed his rights under the Fourth, Sixth, Eighth, and Fourteenth Amendments were violated by the alleged conduct.  [See id. at 5].

Plaintiff's Complaint failed initial review under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) for Plaintiff's failure to state a claim for relief. [Doc. 9].  The Court dismissed Defendants Duncan and Bricker as protected by judicial and prosecutorial immunity, respectively.  [Id. at 4-5].  The Court dismissed Defendants Martin and Nagy because Plaintiff failed to allege any facts supporting official capacity claims against them.  [Id. at 5-6].  Finally, the Court concluded that Plaintiff's claims appeared to be barred by Heck v. Humphrey, 512 U.S. 477 (1994), in any event, because, given the nature of Plaintiff's allegations, a judgment in his favor would necessarily imply the invalidity of any conviction or sentence in his underlying criminal matter.  [Id. at 6-7].  The Court allowed Plaintiff the opportunity to amend his Complaint to properly state a claim for relief in accordance with the Court's Order.  [Id. at 9].

Now pending is Plaintiff's Amended Complaint.  [Docs. 10; Doc. 11]. Plaintiff again names Bricker, Nagy, and Martin as Defendants in this matter. [Doc. 10 at 2-3].  He sues them in their individual and official capacities.  [Id.]. In his Amended Complaint, Plaintiff alleges as follows.

On August 17, 2015, Defendants Martin and Nagy used a potential witness to solicit a recorded confession from the Plaintiff and then lied to the judge "regarding the merits on the [r]ecording." [Id. at 5]. Defendant Martin was the complainant on Plaintiff's arrest warrant, which was "riddled with falsities" and "wrongfully" resulted in Plaintiff's prosecution. [Id.]. Affidavits submitted by Defendants Martin and Nagy contained deliberate falsehoods and were made with reckless disregard for the truth. [Id.]. Defendant Bricker breached his fiduciary duties as a prosecutor by using false testimony and misrepresenting material facts to prejudice the Plaintiff. [Id. at 6; Doc. 11].

Plaintiff claims that Heck does not bar his claim because he is not challenging the validity of his conviction but rather "the improper tactics and prosecutorial misconduct," as well as "legal/fraudulent malpractice." [Id.; see Doc. 11].

Plaintiff does not allege the violation of any particular constitutional right, but he does claim that Defendant Bricker suborned perjury in violation of N.C. Gen. Stat. § 14-20.[2] [See id. at 3; Doc. 11 at 1]. For injuries, Plaintiff claims that he has suffered humiliation, mental and emotional damages, and lost income. [Id. at 7]. Plaintiff seeks monetary relief only. [Id.].

---

[2] This provision was repealed effective in 1994. Repealed by Session Laws 1993, c. 767, s. 29(1).

4

## II.  STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2).  Furthermore, under § 1915A the Court must conduct an initial review and identify and dismiss the complaint, or any portion of the complaint, if it is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune to such relief.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989).  Furthermore, a pro se complaint must be construed liberally.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law.  Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III.   DISCUSSION

Plaintiff's Amended Complaint fails initial review for several reasons.

To begin, the Plaintiff's allegations are so vague and conclusory that they fail to satisfy the most basic pleading requirements.  See Fed. R. Civ. P. 8(a)(2) (requiring a "short and plain statement of the claim showing that the pleader is entitled to relief"); Simpson v. Welch, 900 F.2d 33, 35 (4th Cir. 1990) (conclusory allegations, unsupported by specific allegations of material fact are not sufficient); Dickson v. Microsoft Corp., 309 F.3d 193, 201-02 (4th Cir. 2002) (a pleader must allege facts, directly or indirectly, that support each element of the claim).  Plaintiff's Amended Complaint is subject to dismissal on this ground alone.

Additionally, Plaintiff's official capacity claims and claims against Defendant Bricker fail for the same reasons as before.  [See Doc. 9 at 5-6].

Furthermore, despite his contrary assertions, Plaintiff's claims nonetheless appear barred by Heck.  Although Plaintiff may not be directly challenging the validity of his conviction, a judgment in his favor on the facts alleged would necessarily imply the invalidity of his conviction in the underlying criminal matter.  Because Plaintiff has not alleged that his conviction has been reversed or invalidated, his Amended Complaint is barred by Heck.

6

Because Plaintiff failed to amend his Complaint in accordance with the Court's Order and has otherwise properly failed to state a claim for relief, the Court will dismiss this action with prejudice. See Green v. Wells Fargo Bank, N.A., 790 Fed. App'x 535, 536 (4th Cir. 2020).

## IV. CONCLUSION

For the reasons stated herein, the Court will dismiss Plaintiff's Amended Complaint with prejudice.

## ORDER

**IT IS, THEREFORE, ORDERED** that Plaintiff's Amended Complaint [Doc. 10] is **DISMISSED WITH PREJUDICE** in accordance with the terms of this Order for Plaintiff's failure to state a claim for relief.

The Clerk is respectfully instructed to terminate this action.

**IT IS SO ORDERED**.

Signed: December 10, 2025

Martin Reidinger
Chief United States District Judge

7